# Alonzo Childs, & Co., plaintiffs in error, *vs.* Robert C. Risk, defendant in error.

### *Error to Washington.*

A summons or other writ, is no part of the record unless made so by a bill of exceptions.

This was an action of debt, brought by the plaintiffs against defendant. A summons issued the 16th March, 1844, returnable to April term, and the sheriff returned the same served. And on motion, it was ordered that an alias summons issue, returnable to next term in course. An alias summons issued on the 1st June, 1844, returnable to the September term, which was also returned served. Churchman as *amicus curiae,* moved the court to quash the writ, and abate the suit because said writ was irregularly issued, there being no prior writ upon which to base an *alias.* The record shows another motion to quash, and under this motion the writ appears to have been quashed, and a judgment against the plaintiffs for costs. This is all the record shows upon the points raised.

Childs, & Co., sued out a writ of error from this court.

Errors assigned :

1. The court erred in quashing the first summons issued in the case.
2. In quashing second summons.
3. In dismissing the suit.
4. In rendering judgment for defendant below for costs.

Hall, for plaintiffs in error.

The plaintiffs filed their precipe and declaration, and issued a summons which was not sealed by the clerk, which was duly served upon the defendant. At the return term, it was discovered that there was no seal on the summons and it was set aside, and the court ordered an alias summons.

The clerk accordingly issued a second summons in which is recited (differing from the ordinary summons) "as you have been heretofore commanded," which was duly served, and returned at the next term ; at which term a motion was made amicus curiae, (no person appearing for defendant) to set aside the said summons. He contended that the first summons was not so far a nullity as to be absolutely and unconditionally void, that it might have been amended ; statute of jeofails cited. If it could be amended, why not order it amended by issuing another writ, or a writ *denovo.* The second summons is good as an original summons, the statute of jeofails cures it. 2 Scammons Reports, 9-77.

Carleton, for defendant in error.

The summons is no part of the record, unless made so by a bill of exceptions. Stephens on pleading, 23 ; Shield vs. Cunningham, 1

Blackford R. 86; Henton vs. Brown, 1 Blackford, 429; Hays vs. M'Kee, 2 Blackford, 11.

PER CURIAM, WILSON, JUSTICE.—The authorities cited by the counsel for the defendant in error, shew conclusively that a summons or other writ is no part of the record, unless made so by a bill of exceptions. There being no bill of exceptions in this case, there is no record of those matters which are alleged as errors. The judgment below is therefore affirmed.